## CINCINNATI AND SUBURBAN BELL TELEPHONE CO v RHOADES

Ohio Appeals, 1st Dist, Hamilton Co

No 4221. Decided Feb 27, 1933

Frost & Jacobs, Cincinnati, for plaintiff in error.

Henry L. Rockel, Cincinnati, for defendant in error.

HAMILTON, PJ.

The major question of error is the charge of the court with reference to Rule 10 of the Telephone Company, on file with the Public Utilities Commission of Ohio, at Columbus, and approved by it. The rule is as follows:

"Rule 10. The subscriber shall pay monthly or on demand all charges for exchange service and equipment and for toll service. The subscriber assumes responsibility for all charges for exchange service and toll messages originating at the subscriber's station, and for toll messages received at the subscriber's station on which the charges have been reversed with the consent of the person called."

The court submitted to the jury the question as to whether rule 10 was a reasonable rule. After repeating to the jury that one of the issues for it to determine was whether or not Rule 10 was a reasonable rule, the court stated:

"If you find that it is a reasonable rule governing a subscriber of the Telephone Company, then the plaintiff can not recover in this case. If you find that it is not a reasonable rule, then the plaintiff would not be bound by it, and she would be entitled to recover reasonably for the damage that was occasioned her by her telephone being taken out."

Further:

"So it is for you to determine from the evidence whether this is a reasonable rule.

"If you find that this rule is a reasonable rule, then you will find for the defendant company, and return your verdict accordingly."

This brings into review the question as to whether or not the court should have submitted the question of the reasonableness of the rule in face of the fact that the rule was on file with the Public Utilities Commission of Ohio, and approved by it.

That inferior courts to the Supreme Court of Ohio have no power to pass upon the question of the reasonableness of the rules, regulations, and rates on file with the Public Utilities Commission has been held in many cases. The leading case is **Phelps v Telephone Company, reported in 111 Oh St, 200.**

Sec 549, GC, provides:

"No court other than the Supreme Court shall have power to review, suspend or delay any order made by the Commission, or enjoin, restrain or interfere with the commission or any member thereof in the performance of official duties. Nor shall the writ of mandamus be issued against the Commission or any member thereof by any court other than the Supreme Court."

In the Phelps case the question was raised as to unreasonable and excessive rates. The action originated in the trial court and was taken to the Supreme Court for review. The question was raised on a demurrer to the petition.

The court in the Phelps case quoted from the opinion in **Hocking Valley Railway Company v Public Utilities Commission, 100 Oh St, 321,** as follows:

"We are confirmed in our views as to the statutory provision and extent of our duty by the provisions of §549, GC, which provides that no court other than the Supreme Court shall have power to review, suspend or delay any order made by the Commission, or enjoin, restrain, or interfere with the Commission, or any member thereof, in the performance of official duties, nor shall the writ of mandamus be issued against the Commission or any member thereof by any court other than the Supreme Court.

"Here are comprehensive provisions touching the subject. By this and the preceding sections full and exclusive jurisdiction in review is conferred upon this court."

Following this quotation the Supreme Court in the Phelps case stated:

"Being of opinion that the right to maintain this action conflicts with §549, GC, and cognate sections, we hold that the courts below were right in sustaining the demurrer to the petition."

That pronouncement in effect holds that there is no right or power in the inferior court to the Supreme Court of Ohio to entertain an action, which in any way interferes with the finding of the Commission. To the same effect is the decision in the case of **State ex City of Cincinnati v Geiger et, 38 Oh Ap, 253, (10 Abs 190).**

If the courts have no such power, clearly it was error for the trial court to submit the question of the reasonableness of the rule to the jury. It is unnecessary to argue why this is so.

Counsel for defendant in error does not seriously contest this proposition, but argues that the submission of the question to the jury was not prejudicial to the defendant company, for the reason that it unjustly placed an additional burden on the plaintiff to prove the rule unreasonable. That this view is untenable is apparent when we consider the words of the charge: "If you find that it is not a reasonable rule, then the plaintiff would not be bound by it, and she would be entitled to recover reasonably for the damage that was occasioned her by her telephone being taken out."

This presented to the jury but one proposition as to her right to recover, and that right would be based upon whether or not they found the rule reasonable or unreasonable. They must have found under this charge the rule to be unreasonable, since they found for the plaintiff and awarded damages. That the telephone was taken out was undisputed, the reason being based on the refusal to pay the charge. If the jury had found the rule to be reasonable, under the court's charge, it could not have returned any verdict for the plaintiff. The converse is that if they found it unreasonable, they should return a verdict for the plaintiff. The vice is apparent, and cannot be excused on the ground that any additional burden was imparted to the plaintiff.

For this error, the judgment will be reversed, and the cause remanded for a new trial.

The question of the weight of the evidence is raised by the petition in error, but since the case will have to be retried, we will not comment on the weight of the evidence further than to say, there is some evidence tending to establish plaintiff's right to recover damages, and some evidence produced by the defendant to the contrary.

CUSHING, J, concurs.

ROSS, J, concurring:

I concur in the judgment of reversal for the following additional reasons:

First, the defendant in error consented to the use of her residence telephone. In doing so, as between herself and The Telephone Company, she assumed responsibility for the fraud perpetrated upon her. Having made it possible for her licensee to incur the expense of the long distance call, by calling him to the telephone, she should not now be permitted to escape responsibility for the expense incurred. The telephone was in her custody and control. She was not required to consent to its use. It certainly is not unjust to require a subscriber to protect the company from what would otherwise be a fraud upon it.

Further, this was a residence telephone, limited to the subscriber, her family, and servants. It is difficult to understand how she is entitled to damages, because by the loss of the telephone she was not permitted to further permit its misuse by those not entitled to the service permitted under a contract for residence use only. She testifies that roomers would not remain or take her rooms because she did not have a telephone—not a business telephone, but a residence telephone, which under her contract with the company they would have had no right to use.

She therefore claimed and received damages, first, because she consented to an improper use of the telephone under control; and, second, because she was not permitted to further continue such misuse.

Judgment should be for the plaintiff in error.